[Cite as *Maxey v. Dept. of Rehab. & Corr.*, 2026-Ohio-2130.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| DERRICK MAXEY | Case No. 2025-00095JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} On April 15, 2026, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response in opposition. Pursuant to L.C.C.R. 4(D), defendant's motion for summary judgment is now fully briefed and is before the court for a non-oral hearing. For the reasons stated below, the court GRANTS defendant's motion for summary judgment.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is

made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶3} To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id*. at 292-293. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which provides that "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

## Factual Background

{¶4} Plaintiff alleges that on or about August 26, 2023, Lake Erie Correctional Institution (LAECI) was experiencing an institution wide power outage. Complaint, ¶ 1. Plaintiff states that on the second day of the power outage the backup systems failed and all electrical power in LAECI was cut off, increasing tension between the inmates and LAECI staff. *Id.* at ¶ 2-3. Plaintiff alleges that during an argument between inmates and a corrections officer, the officer discharged a small amount of mace which caused widespread breathing difficulty and skin burning among the inmates. *Id.* at ¶ 5. Plaintiff alleges that the corrections officer retreated behind a protective gate and discharged the full mace can into the housing unit. *Id.* at ¶ 7. Plaintiff states that his bunk area sits directly in front of the security gate and as a result was directly sprayed by the corrections officer. *Id.* at ¶ 8. Plaintiff states that as a result, he has suffered loss of sight and breathing problems. *Id.* at ¶ 9-11.

## Law and Analysis

{¶5} In its motion, defendant argues that the warden, correctional officers, and medical staff at LAECI are employees of the private corporation CoreCivic. Motion for

summary judgment, p. 2.   Defendant maintains that it is not liable for any alleged negligence of its independent contractors and that LAECI is privately owned and operated by CoreCivic.  *Id.*  Defendant states that CoreCivic is an independent contractor rather than defendant's agent.  *Id.*

{¶6} Upon review, plaintiff's claims arise out of allegations that employees at LAECI violated internal policies and procedures concerning inmate safety, causing injury. Complaint, at ¶ 12, 15.   However, defendant argues that it is not liable inasmuch as CoreCivic is an independent contractor.   Accordingly, the court must first determine whether CoreCivic is an independent contractor or an agent of defendant.

{¶7} "Generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of *respondeat superior*, but not for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted-for work."  *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438 (1994).

{¶8} "The Ohio Supreme Court has set out a test to distinguish an agency relationship (sometimes also referred to as a master-servant relationship) from an employer-independent contractor relationship: 'Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for?  If he did, the relationship is that of principal and agent or master and servant.  If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent contractor.'"  *Title First Agency, Inc. v. Xpress Closing Serv.*, *Inc.*, 2004-Ohio-242, ¶ 11 (10th Dist.), quoting *Councell v. Douglas*, 163 Ohio St. 292 (1955), paragraph one of the syllabus.

{¶9} "In determining whether an employer has the degree of control necessary to establish agency, courts examine a variety of factors, including: whether the employer or individual controls the details of the work; whether the individual is performing in the course of the employer's business rather than in an ancillary capacity; whether the individual receives compensation from the employer, and the method of that compensation; whether the employer or individual controls the hours worked; whether the employer or individual supplies the tools and place of work; whether the individual offers his services to the public at large or to one employer at a time; the length of employment;

whether the employer has the right to terminate the individual at will; and whether the employer and individual believe that they have created an employment relationship." *Wright v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-4359, ¶ 10 (10th Dist.).

{¶10} In support of its motion, defendant submitted the affidavit of Ed Banks. Motion for summary judgment, Exhibit A.  Banks avers in pertinent part:

2. I have been employed with Defendant, the Ohio Department of Rehabilitation and Correction ("Department") since 1994.  I currently serve as the Assistant Director of the Department.  As Assistant Director, my job duties include: directing operations of major divisions, including prisons, courts and community services, holistic services, personnel, labor relations, administration and training: assisting the Director in supervising all operations of the Department through assigning duties and responsibilities to various division and institutions: defining agency goals and objectives, formulate policies, procedures and Administrative Rules necessary for the efficient management and operation of the Department: acting on behalf of the Director in her absence.

3. The Warden, the correctional officers, and medical staff at the Lake Erie Correctional Institution ("Institution") are employees or agents of CoreCivic.

4. CoreCivic, independent from the Department and the State of Ohio, maintains and operates the Institution pursuant to a contract with the Department.

5. CoreCivic maintains the premises of the Institution and is responsible for procuring the equipment and supplies necessary to operate it.

6. While CoreCivic operates and maintains the Institution in accordance with contractual and statutory criteria, it does so independently.

7. The Department is not involved in CoreCivic's decision-making and does not control the details of its work.

8. The Department's employees are not involved in the Institution's daily operations, nor does the Department play any part in hiring, paying, supervising, disciplining, or terminating CoreCivic's employees.

9. CoreCivic controls the hours worked and amount paid to each of its employees.

Affidavit of Ed Banks, p. 1-2.

{¶11} Additionally, plaintiff's complaint acknowledges that his claims arose from the actions taken by CoreCivic's employees. Complaint, at ¶ 12 ("ODRC is responsible to its agents in regard to saftey (sic) breech (sic) core civic did violate its own standards and customs concerni (sic) inmate safety"). However, plaintiff has not submitted any factual evidence to rebut defendant's evidence that CoreCivic is an independent contractor, and there is nothing in the complaint concerning the relationship between defendant and CoreCivic. Thus, defendant's evidence is uncontradicted.

{¶12} Civ.R. 56(E) provides "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶13} The only evidence before the court is that CoreCivic controls the daily decision-making and details of the work at LAECI and that defendant is not involved in hiring, paying, supervising, disciplining, or terminating CoreCivic's employees. CoreCivic maintains the premises of LAECI and controls the hours worked and amount paid to its employees. Therefore, there is no dispute that CoreCivic is an independent contractor and not an agent of defendant. *See also Evans v. Ohio Attorney General*, 2020-Ohio-3471, ¶ 15 (10th Dist.) (finding that CoreCivic is an independent contractor of the Ohio Department of Rehabilitation and Correction rather than an agent, and thus defendant cannot be liable for the negligent acts of CoreCivic's employees). Defendant cannot be held liable for the actions of its independent contractors. *Clark,* 68 Ohio St.3d at 438.

**Conclusion**

{¶14} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED, and judgment is rendered in

favor of defendant.   All previously scheduled events are VACATED.   Court costs are assessed against plaintiff.   The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed May 27, 2026**
**Sent to S.C. Reporter 6/8/26**